**BUILDING AND CONSTRUCTION TRADES COUNCIL OF SAN BERNARDINO AND RIVERSIDE COUNTIES et al., Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 17387.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 6, 1963.

Decided Jan. 30, 1964.

Mr. Herbert M. Ansell, of the bar of the Supreme Court of California, *pro hac vice*, by special leave of court, Los Angeles, Cal., with whom Messrs. Herbert S. Thatcher and David S. Barr, Washington, D. C., were on the brief, for petitioners.

Mr. Melvin J. Welles, Atty., N.L.R.B., with whom Messrs. Stuart Rothman, Gen. Counsel, N.L.R.B., at the time the brief was filed, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Mrs. Janet Kohn, Atty., N.L.R.B., were on the brief, for respondent.

Before BAZELON, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

This is a companion case to Orange Belt District Council of Painters No. 48, AFL-CIO v. N.L.R.B., 117 U.S.App. D.C. ——, 328 F.2d 534 (1964), decided this day.

Here the agreement between the union and a general contractor in the construction industry limited subcontracting to

those who met the "terms of the appropriate labor agreement." [1] The union subsequently threatened the general contractor with picketing because a subcontractor did not meet the required "terms." On hearings on an unfair labor practices charge, the Trial Examiner found that the union's object was to have the contractor cease doing business with the "non-union" [2] subcontractor and replace him with a "union" contractor. The N.L.R.B. adopted this finding and found violations by the union of both §§ 8(b) (4) (ii) (A) and (B) [3] of the Labor Act.

The union alleges that "terms" here means simply "standards," and that this clause merely requires subcontractors to come up to the equivalent of union level on wages, hours, and working conditions. [4] The Board found that the clause requires subcontractor agreement to the full union contract, including union recognition, on penalty of a boycott by the general contractor. [5]

We have stated our view of the applicable law in *Orange Belt District Council of Painters No. 48, AFL-CIO v. N.L.R.B.* The Board's position that this clause was a union-signatory provision is amply supported in the record. [6] In addition to the face of the agreement, [7] there was testimony before the Trial Examiner by a union representative that the clause required the contractor to "use signatory subcontractors who were signatory to the agreements of the various construction local unions." [8] The union argues here that mere observance of union standards without signing a union contract would have been sufficient under the clause. But, on this record, certainly the Board had a rational basis for deciding that the union's course of action revealed that this would not have satisfied union demands. [9]

Accordingly, we agree that the economic action used to enforce a subcontracting clause which implicitly blacklisted all non-union subcontractors vio-

1. The text of the clause in question reads: "If the *Contractors*, parties hereto, shall subcontract work, as defined herein, provision shall be made in such subcontract for the observance by said Subcontractor of the terms of the appropriate labor agreement covering the work involved with the appropriate *Union* affiliated with the Building and Construction Trades Department of the AFL–CIO."

2. The subcontractor did not have a collective bargaining agreement with the petitioner Council or any of its affiliates, but did have one with District 50, United Mine Workers, which represented its plastering employees. The benefits under that contract are said to have been lower than the benefits under the equivalent contracts with the unions of the Council.

3. 73 Stat. 525, 542, 29 U.S.C. §§ 158(b) (4) (ii) (A) and (B).

4. Compare Retail Clerks Union Local 770 v. N. L. R. B., 111 U.S.App.D.C. 246, 296 F.2d 368 (1961); District No. 9, International Ass'n of Machinists v. N. L. R. B., 114 U.S.App.D.C. 287, 315 F.2d 33 (1962).

5. *Ibid.*

6. Compare Bakery Wagon Drivers & Salesmen, Local U. No. 484 v. N. L. R. B., 116 U.S.App.D.C. 87, 321 F.2d 353 (1963).

7. In N. L. R. B. v. Bangor Building Trades Council, AFL–CIO, 1 Cir., 278 F.2d 287 (1960), the clause sought to be enforced provided that "this Agreement binds all the subcontractors as well as the general contractor" who made the agreement with the union. The court found that the clause was "plainly broader than the payment of wages. It contains no exceptions, but embraces all the provisions of the Davison contract. Hence it includes union recognition." Id. at 288, 290.

8. Contrary to the union's contentions here, the contracting employer "did not become the primary employer merely because * * * [there] was a violation of the terms of the agreement between it and the union." Local 636, United Association, etc. v. N. L. R. B., 108 U.S.App.D.C. 24, 30, 278 F.2d 858, 864 (1960). One must rather look to see whether the clause violated was primary or secondary as to the contracting employer.

9. See Radio Officers' Union v. Labor Board, 347 U.S. 17, 48–49, 74 S.Ct. 323, 98 L.Ed. 455 (1954); Joy Silk Mills v. National Labor Relations Board, 87 U.S.App.D.C. 360, 366, 185 F.2d 732, 738 (1950), cert. denied, 341 U.S. 914, 71 S.Ct. 734, 95 L. Ed. 1350 (1951).

lated § 8(b) (4) (ii) (B).[10] The Board's finding of a violation of § 8(b) (4) (ii) (A) cannot stand, however,[11] because, as shown in *Orange Belt District Council of Painters No. 48, AFL-CIO v. N.L.R.B.*, that section incorporates § 8(e) by reference, and § 8(e)'s *proviso* exempts subcontracting clauses in the construction industry from its prohibition.[12]

So ordered.

J. Skelly Wright, Circuit Judge, dissented.

---

10. *Retail Clerks Union Local 770 v. N. L. R. B., supra* Note 4; *District No. 9, International Ass'n of Machinists v. N. L. R. B., supra* Note 4.

11. It is unnecessary, in the light of our disposition, to find whether the general contractor was a party to the collective agreement with the Council.

12. Construction, Production & Main. Lab. U. Local 383 v. N. L. R. B., 9 Cir., 323 F. 2d 422 (1963) ; LeBus for and on Behalf of N. L. R. B. v. Local 60, United Association of Journeymen, E.D.La., 193 F.Supp. 392, 392–393 (1961) ; Kennedy for and on Behalf of N. L. R. B. v. Construction, Production & Main. Laborers' U., D.Ariz., 199 F.Supp. 775, 778–779 (1961) ; Cuneo v. Essex County & Vic. Dist. Coun. of Carpenters, etc., D.N.J., 207 F.Supp. 932, 938–939, 941–944 (1962) ; 1 Legislative History of the Labor-Management Reporting and Disclosure Act of 1959, 943–944 (1959) ; 2 id. 1433(3).