354 F.2d 1
 SUBURBAN TILE CENTER, INC., a corporation, and United
Construction and Trades Union, Local #102,
Plaintiff-Appellants,
v.
ROCKFORD BUILDING AND CONSTRUCTION TRADES COUNCIL,
A.F.L.-C.I.O., Rockford, Illinois, Winnebago
County, et al., Defendants-Appellees.
 No. 14915.
 United States Court of Appeals Seventh Circuit.
 Nov. 30, 1965, Rehearing Denied Jan. 4, 1966.
 
 Earl Schneider, Norman Miller, Chicago, Ill., for appellants.
 James A. Geraghty, Martin J. Burns, Chicago, Ill., Gerald F. Tuite, Rockford, Ill., Daniel S. Shulman, Lester Asher, Michael C. Greenfield, Chicago, Ill., Francis E. Hickey, Rockford, Ill., for appellees.
 Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 The District Court sustained the motions of the defendants-appellees to dismiss the complaint, as amended, of the plaintiffs-appellants Suburban Tile Center, Inc., a corporation, and United Construction and Trades Union, Local #102, and this appeal followed.
 
 
 2
 Plaintiffs' complaint sets out three counts. The first count alleges that:'The defendants * * * entered into a combination to suppress competition among trade, craft and/or construction contractors and/or subcontractors, and/or among trade and/or craft and/or construction unions, resulting in an unreasonable (restraint) upon trade and in violation of Sections 1 and 2 of the Sherman Act * * *.'
 
 
 3
 The second count concerns plaintiff Suburban Tile Center, Inc., and alleges unfair labor practices of the defendant unions in violation of the Labor Management Relations Act of 1947, as amended.
 
 
 4
 The third count, concerning plaintiff United Construction and Trades Union, Local #102, seeks an injunction and damages under the anti-trust laws.
 
 
 5
 Plaintiffs assert that defendant Building Contractors Association of Rockford, Inc., which represents a majority of the contractors and sub-contractors engaged in the construction industry and various allied industries in Winnebago County, Illinois, (hereinafter sometimes called the 'Contractors' Association') entered into an agreement with defendant Rockford Building and Construction Trades Council of Rockford, Illinois, Winnebago County (which consists of representatives of about twenty local unions, including defendant United Brotherhood of Carpenters and Joiners of America, Local 792 of Rockford, Illinois, and the Marble, Tile and Terrazzo Workers, Members of Subordinate Union #31 of Rockford, Illinois) hereinafter sometimes called the 'Trades Council.'
 
 
 6
 Plaintiffs further allege that the agreement precluded the signatory contractors from contracting for work commonly done by the craft union members of the Trades Council with anyone who does not have a collective bargaining agreement with the Trades Council or the local craft union (affiliated with the Trades Council) which commonly has jurisdiction over the class of work involved. The agreement provided that any contractor who was not a member could receive the benefits and assume the obligations of the agreement by signing an exact copy of it.
 
 
 7
 The plaintiffs assert that defendant Suarez Brothers Construction Co., Inc., (hereinafter sometimes called 'Suarez Bros.') became a party to the alleged unlawful conspiracy by signing what was in effect an exact duplicate of the agreement on or about June 21, 1963. There was a prior similar collective bargaining agreement entered into between Suarez Bros. and the Trades Council on November 9, 1962, with reference to 'the construction of apartment buildings project, west of Machesney Airport, Rockford, Illinois.'
 
 
 8
 On or about May 6, 1963, plaintiff Suburban Tile Center, Inc., with its principal offices in Cook County Illinois, (hereinafter sometimes called 'Suburban Tile') entered into an agreement with Suarez Bros. as general contractor, to sell and install prefabricated tile at an apartment building project west of the Machesney Airport, Rockford, Illinois, known as the 'Presidential Courts Project.'
 
 
 9
 Plaintiffs assert that because of threats of such steps as work stoppages and lawsuits, by members of the local unions affiliated with the Trades Council, Suarez Bros. entered into the above-mentioned agreement of June 21, 1963.
 
 
 10
 Thereafter, the Trades Council sought and secured a court injunction from the Circuit Court of Winnebago County, Illinois, permanently enjoining Suarez Bros. from hiring or subletting work to persons or firms having no collective bargaining agreement with the Trades Council or its union affiliates. Suarez Bros. then directed plaintiff Surburban Tile to cease doing the work at the Presidential Courts Project site.
 
 
 11
 As indicated above, Surburban Tile views the economic coercion of the defendant unions directed against Suarez Bros. to secure discharge of Suburban Tile as an unfair labor practice: an illegal secondary boycott. The plaintiff union asserts that its members (who are not members of local unions affiliated with the Trades Council) have been foreclosed from engaging in their lawful occupations in the County of Winnebago unless they join such local unions.
 
 
 12
 The plaintiffs characterize the basic agreement as a combination of labor and its employers which exceeds the scope of Title 29 U.S.C.A. 158(e) and thus violates the anti-trust laws.
 
 
 13
 Section 158(e) as amended in 1959 does make it an unfair labor practice for a labor organization and an employer to agree to cease doing business with another employer. But a proviso to that section specifically excludes 'an agreement between a labor organization and an employer in the construction industry relating to contracting or subcontracting of work to be done at the site of the construction * * * of a building, structure, or other work * * *.' It thus appears that for the construction industry, Congress has approved such contracts as the one now before us.
 
 
 14
 The National Labor Relations Board has approved agreements of this type even when not specifically limited to a particular construction site. Los Angeles Building and Construction Trades Council (Fowler-Kenworthy Electric Co., et al.) (1965) 151 NLRB No. 83, 58 LRRM 1490.
 
 
 15
 A construction subcontracting agreement has been held to be a mandatory subject of collective bargaining. Orange Belt District Council of Painters No. 48, AFL-CIO v. N.L.R.B., 1964, 117 U.S.App.D.C. 233, 328 F.2d 534, 537; Building and Construction Trades Council of San Bernardino & Riverside Counties v. N.L.R.B., 1964, 117 U.S.App.D.C. 239, 328 F.2d 540. Economic action to secure such agreements has been allowed. Essex County and Vicinity District Council of Carpenters etc. v. N.L.R.B., 3 Cir., 1964, 332 F.2d 636, 641; Construction, Production & Maintenance Laborers Union, Local 383, AFL-CIO v. N.L.R.B., 9 Cir., 1963, 323 F.2d 422, 425. In the face of these decisions, it would be unreasonable to hold that success in securing such an agreement constitutes a violation of the anti-trust laws.
 
 
 16
 The plaintiffs rely on Allen Bradley v. Local Union No. 3, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939. The Court there held that complicity of a labor organization in an otherwise unlawful conspiracy in restraint of trade did not cure the illegality of the conspiracy. The plaintiffs take the position that a unilateral agreement in these same terms among the contractors alone would have constituted an unreasonable restraint of trade. They then reason that adding the trade unions as parties to that agreement would not operate to avoid violation of the antitrust laws. Having concluded that the agreement was a restraint on trade, they argue that it was immaterial whether or not the labor unions acted in their own self interest so long as both employers and employees benefited from the restraint.
 
 
 17
 In the plaintiffs' view the contractors enjoy a benefit from these agreements in that competition from outside contractors is limited by them. However, the agreements all provide that any contractor or sub-contractor may enter into similar collective bargaining agreements. In Allen Bradley, a complete monopoly was achieved (325 U.S. 800, 65 S.Ct. 1533); that is not the case here. On the other hand, opportunities for employment of members of non-affiliated unions are limited to the advantage of the members of the defendant unions. We believe that the paintiffs' reliance on Allen Bradley is misplaced.
 
 
 18
 We consider the foregoing to be completely dispositive of this case, and we, therefore, do not reach the other contentions of the various defendants that injuries arising from compliance with an injunction cannot support recovery in a private anti-trust suit; that the plaintiff union is a voluntary unincorporated association which is not the real party in interest and which lacks capacity to sue under the anti-trust laws; that the N.L.R.B. has exclusive jurisdiction over conduct allegedly violative of the Labor-Management Relations Act; that the plaintiffs have failed to bring the unnamed local unions affiliated with the Trades Council and their individual members before the Court by service of process; and that the complaint fails to allege facts sufficient to give fair notice of the claims against the Contractors' Association or Merle F. Drager, its secretary.
 
 
 19
 The judgment of the District Court is affirmed.
 
 
 20
 Affirmed.