**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 683, AFL–CIO, Respondent.**

No. 16374.

United States Court of Appeals
Sixth Circuit.

March 31, 1966.

Joseph C. Thackery, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Atty., N. L. R. B., Washington, D. C., on brief), for petitioner.

Robert M. Draper, Columbus, Ohio, for respondent.

Before CELEBREZZE, Circuit Judge, McALLISTER, Senior Circuit Judge, and WILSON,* District Judge.

PER CURIAM.

Merchandise Properties, Inc., hereinafter referred to as Merchandise, as a general contractor hired nine subcontractors to erect a warehouse in Columbus, Ohio. Five of the nine subcontractors had contracts with Unions, while four subcontractors were non-union. After construction on the building began, Phil O'Day, Secretary-Treasurer of the Columbus Building and Construction Trades Counsel, visited the job site and asked Richard Haas, Vice-President of Merchandise, why he had not contracted with Union approved contractors. Haas was told Merchandise should use only Union contractors on the job. The construction job was then picketed on October 23rd and 24, 1963. Several employees of the Union subcontractors were told it was not Union policy to cross the picket line. All the work at the job site halted completely until the picket was removed on October 24, 1963, after Merchandise agreed to contract only with Union contractors. Merchandise then sent letters to the four non-union subcontractors informing them their contracts had to be cancelled because of the labor trouble. On October 25, 1963, an unfair labor

---

\* Honorable Frank W. Wilson, United States District Judge, E.D., Tennessee, sitting by designation.

practice suit was filed against the Respondent and four other labor organizations.

Upon the foregoing facts, the National Labor Relations Board found that the Respondent violated 29 U.S.C., Section 158(b) (4) (i) and (ii) (B), 8(b) (4) (B) of the National Labor Relations Act. The Board's order and decision are reported at 149 N.L.R.B., No. 13. Respondent is the only one of the five respondent labor organizations in the proceedings before the Board that has not complied with the Board's order.

■ In the construction industry, picketing at the construction site to secure an agreement with the general contractor which provides that all construction work will be done with construction labor agreeable to affiliated local Unions of the Columbus Building and Construction Trades Council is permissible under 29 U.S.C., Section 158(e), 8(e) of the Act. Construction, Production and Maintenance Labor Union, Local 323 v. National Labor Relations Board, 323 F.2d 422 (C.A. 9, 1963); Orange Belt District Council of Painters v. National Labor Relations Board, 117 U.S.App.D.C. 233, 328 F.2d 534 (1964).

However, under Section 8(b) (4) (B) of the Act, such agreements, commonly known as "hot cargo" agreements, may be enforced only through lawsuits, not through economic action. Local 1976, United Brotherhood of Carpenters and Joiners of America Union v. National Labor Relations Board (Sand Door case), 357 U.S. 93, 78 S.Ct. 1011, 2 L.Ed.2d 1186 (1958); Orange Belt District Council of Painters v. National Labor Relations Board, supra; Building and Construction Trades Council of San Bernardino and Riverside Counties v. National Labor Relations Board, 117 U.S.App.D.C. 233, 328 F.2d 540 (C.A.D.C.1964); I and II Legislative History of the Labor Management Reporting and Disclosures Act of 1959 at 943 and 1433.

■ Here the picketing had the dual purpose of seeking an agreement and requiring an employer to cease doing business with another person. The addition of a contractual demand to a cease doing business demand did not insulate the Respondent from violating 8(b) (4) (B) of the Act.

Because of the construction industry proviso, the Respondent did not violate Section 8(e) of the Act in seeking the agreement. However, the Respondent demanded that Merchandise cease doing business with the four non-union subcontractors, and was successful in that demand. The Board was correct in finding this economic action violated Section 8 (b) (4) (B) of the Act. The findings and order of the Board are sustained. Enforcement of the Board's order is granted.